KENNON, Judge
(dissenting).
I agree with the majority opinion in the findings, of fact, but not as to the legal effect of adoption of the 1934 homestead exemption amendment to the Constitution of Louisiana.
The record shows that plaintiff did receive notice that the l/10th installment of his 1930 taxes, due for the year 1937 was unpaid; and that the Sheriff of Franklin Parish followed the procedure prescribed by law in connection with the advertisement, adjudication and sale of plaintiff’s property to Dan McEacharn. It is likewise established by the record that - during the year 1937 the premises were occupied continuously by his aged father and mother and occupied sufficiently by the -plaintiff to support his application for homestead exemption as authorized by the 1934 amendment to the Constitution of Louisiana.
Act No. 5, § 2, of the Extra Session of 1927, Dart’s Statutes, § 8425, provides that when there has been a public calamity in any parish of a sort which makes the forcible collection of taxes an unwarranted hardship, the taxpayer upon application may have his taxes for that year postponed. The act further provides that the taxes thus postponed shall be divided into ten equal parts; that l/10th shall be “assessed” against the immovable property affected for each of the ten subsequent years. In 1930 the Police Jury of Franklin Parish authorized the postponement of that year’s taxes in accordance with this 1927 act. Plaintiff’s application for extension was granted. In 1937, after plaintiff had made his homestead exemption application, the assessor of Franklin Parish made no assessment against plaintiff’s property except for the l/'10th portion of the 1930 taxes, in the same amount as had been collected for the l/10th installment for the years subsequent to 1930 and prior to 1937.
*30 As amended in 1934, the Louisiana Constitution with reference to tax exemption reads as follows:
“From state, parish and special taxes, the homestead, * * * owned and occupied by every head of a family, * * * and the State Treasurer shall he authorized and is directed to reimburse the general or special funds of the State and any of its political subdivisions, police juries, boards, commissions or offices and the City of New Orleans, for any sums which may be lost to the State, its general or special funds and any of its political subdivisions, police juries, boards, commissions, offices and the City of New Orleans, occasioned by reason of the homestead tax exemption herein provided for, out of funds which shall be established and provided for-by the Legislature in the Property Tax Relief Fund, said reimbursement to be made pro rata out of said Fund.”
My opinion is that the constitutional exemption of taxes, provided by Paragraph 9 of Section 4 of Article 10 of the Louisiana Constitution, applied to the l/10th taxes of 1930 which had been postponed as authorized by the Franklin Parish Police Jury in accordance with Act No. 5 of the Extra Session of 1927. Therefore, I cannot agree with the holding in the majority opinion that the postponed amount due for the 1930 taxes was not included in the exemption provided in the 1934 amendment for the reason that the 1930 taxes were already due and fixed by virtue of the 1930 assessment, and that the homestead exemption amendment was not retroactive in effect.
Defendants in brief pointed out that all things necessary for the levying of the 1930 taxes had been done during that year; that there was no new determination or evaluátion of tax liability or additional tax levied during the ten subsequent years, and that the application for exemption and its acceptance Iby the state in effect set up a -contract between each tax debtor and the state, and that this contractual liability was thereby taken out of the class of a tax lia-Mlity, and since the obligation was contractual in nature, it was not effected by the homestead exemption providing for exemption of tax liabilities. If this Court should accept defendants’ theory that the obligation due by plaintiff for the postponed 1930 taxes was based on contract, and was no longer a tax liability, it would follow that the tax sale would be a valid, divestive of plaintiff’s title, since a contractual obligation, even in favor of the state, cannot be enforced except through the usual court processes.
My opinion is that the effect of the 1927 act and the postponement procedure for the 1930 taxes was basically nothing more than a changing of the date due, and, since the 1937 installment was a tax liability, the constitutional amendment providing that plaintiff’s homestead should be exempted from state, parish and special taxes was applicable to this installment.
Defendants further contended that, since the Police Jury of Franklin Parish had borrowed money from the State Board of Liquidation in 1930, accompanied by a pledge of the postponed taxes, and the Board of Liquidation in turn had issued obligation of the state, the inclusion of these postponed taxes as an exemption under the 1934 amendment would be contrary to the provisions of the -Constitution of the United States, which prohibits the passing of any laws which impair the obligation of contracts. I concede the correctness of counsel’s contention that state constitutional provisions are laws within the meaning of this provision of the Federal Constitution. . However, this provision of the Federal Constitution--has not, to my knowledge, been interpreted to mean that the various states of the Union cannot pass laws changing the classification or exemption status of property within the bounds of the state or its political subdivisions, even though there may be outstanding debts and bonds secured by pledge of the receipts from property taxes which are necessarily, to some degree, lessened by the creation of any new class of exempted property or the enlargement of existing exemptions. In the absence of a showing that the inclusion of the postponed portions of the 1930 taxes -in the later homestead tax ex- *31 eruption had a real, rather than a theoretical, effect upon the ability of the Parish of Franklin and the State of Louisiana to meet the obligations secured by the pledge of the postponed portion of the 1930 taxes, I believe that the inclusion of the unpaid portion of the 1930 postponed taxes in the taxes exempted by the 1934 constitutional amendment is not violative of the Federal Constitution prohibiting the passage of laws impairing the obligations of contracts.
Being of the opinion that the facts are such as not to make applicable defendants’ plea of the preemption of five years, and that the record supports the finding of the District Court that there were no valid taxes outstanding and due against plaintiff’s property at the time of the purported tax sale, I believe the' judgment setting same aside should be affirmed, and I respectfully dissent from the majority opinion.
Rehearing denied; KENNON, J., dissents.